UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KENNY DERAS, )<br>)<br>      Movant )<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>      Respondent ) | 2:11-cr-00112-GZS<br>2:12-cv-00364-GZS |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Kenny Deras has filed a timely motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 103.) Deras makes two arguments: (1) his attorney provided ineffective assistance of counsel by misinforming him about the term of supervised release that may be imposed; and (2) the imposition of both supervised release and imprisonment constitutes double jeopardy. The government requests a summary dismissal. I recommend that the court deny the motion without an evidentiary hearing.

#### FACTUAL AND PROCEDURAL BACKGROUND

Deras pleaded guilty to conspiracy to use counterfeit access devices, in violation of 18 U.S.C. §§ 371, 1029(a)(1), (b)(2), (c)(1)(A)(i). The crime involved Deras and two other persons who used fraudulently-obtained credit cards in interstate commerce to buy gift cards, merchandise, and alcohol of an aggregated value of $1,000 or more. Deras admitted only that he drove his co-conspirators between Maine and other states and he helped move the physical merchandise acquired through the conspiracy.

There was no plea agreement.  At the plea hearing, the court told Deras that he was facing "a period of imprisonment of not more than five years and a fine not to exceed $250,000 or both." (Plea Transcript (PT) at 6, ECF No. 116.)  The court stated: "Following any period of imprisonment, I can put you on supervised release for not more than three years." (PT at 6.)  The court also explained that if Deras violated the supervised release, he could be imprisoned for not more than two years.  Finally, the court told him that he was subject to a mandatory $100 assessment and he would be required to make restitution.  The court asked Deras, "do you understand that?" to which he replied that he did.  Deras also affirmed that he understood that the court did not have to accept his counsel's or the government's recommendations at sentencing, and a departure from those recommendations or from the advisory guideline sentencing range would not in itself be grounds to permit Deras to withdraw his guilty plea. (PT at 11-12.)  The court asked Deras whether anyone made any promises to him concerning the sentence the court would impose or the prosecutor would recommend, to which he replied that no one had. (PT at 13.)  The court made additional findings, not at issue here, in accordance with Fed. R. Crim. P. 11.

At the sentencing hearing, Deras responded to the court's inquiries by affirming that he authorized his attorney to speak in his behalf.  He affirmed that he had given permission to his attorney to raise just one objection, namely, whether Deras would receive a two-level decrease, from twelve to ten, for having had a relatively minor role in the offense.  The court denied the two-level decrease for a minor role, finding that Deras had a significant role in the conspiracy.  The court found the sentencing facts as set forth in the presentence investigation report of the Probation Office.  The base level was six, with an increase of eight levels to fourteen due to the intended loss of $106,610.29 to the victims.  This was reduced by two levels, from fourteen back

to twelve, because Deras accepted responsibility. Although the presentencing investigation report of the Probation Office assigned a criminal history score of five, which establishes a criminal history category of III, the government represented at the sentencing hearing that the parties had agreed that Deras had a criminal history category of II. (Sentencing Transcript (ST) at 4, ECF No. 112.) Category II, when combined with the total offense level of twelve, resulted in a guideline range of twelve to eighteen months of incarceration and a range of one to three years of supervised release. The court sentenced Deras to a term of twelve months and one day of imprisonment; a term of three years of supervised release; a mandatory $100 assessment; and joint and several restitution, with two other defendants, in the amount of $101,610.29. (ST at 24, 26.) Counsel for Deras, responding to the court's inquiry, represented that Deras had no objection to the terms of supervised release. (ST at 27.)

The court told Deras of his right to appeal, but he did not file a notice of appeal.

## LEGAL STANDARDS

A movant under section 2255 must show that his sentence was imposed in violation of the Constitution or other laws, that the court was without jurisdiction, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The "catch-all fourth category includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result in a complete miscarriage of justice' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (quoting Hill v. United States, 368 U.S. 424, 428 (1962) (alterations and quotation marks omitted)).

An evidentiary hearing on a section 2255 motion is "the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is

warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). "An evidentiary hearing is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Id. (alterations and quotation marks omitted); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) ("[A] petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere bald assertions without sufficiently particular and supportive allegations of fact.") (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).

## DISCUSSION

**1. Claim of Ineffective Assistance**

Deras argues that he received ineffective assistance of counsel because counsel advised him that by pleading guilty, Deras would be subject to supervised release for two years, when the court subsequently sentenced him to a term of three years of supervised release. (Motion at 2.)

A defendant has a Sixth Amendment right to effective assistance of counsel in the plea-bargaining process. Lafler v. Cooper, --- U.S. ---, ---, 132 S. Ct. 1376, 1384 (2012). Deras's claim of ineffective assistance is governed by the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail, a movant must show that "counsel's representation 'fell below an objective standard of reasonableness,'" Padilla v. Kentucky, 559 U.S. 356, ---, 130 S. Ct. 1473, 1482 (2010) (quoting Strickland, 466 U.S. at 688), and that there exists "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 132 S. Ct. at 1384. "A defendant's failure to satisfy one prong of the Strickland analysis

obviates the need for a court to consider the remaining prong." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland, 466 U.S. at 697).

I conclude that Deras cannot demonstrate prejudice, and therefore I need not decide whether counsel's inaccurate prediction constituted performance that was "constitutionally infirm." See United States v. LaBonte, 70 F.3d 1396, 1413-14 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751 (1997). "An attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test." Id. at 1413. In LaBonte, the court addressed the prejudice prong only, and concluded that since it found no prejudice, it "need not determine what [the petitioner's] attorney did or did not tell him, or whether the attorney lacked familiarity with the sentencing guidelines to such an extent as to render his performance constitutionally infirm." Id. at 1414. Here, Deras has not suffered prejudice because even if counsel inaccurately predicted the term of his supervised release, the court provided him, before he pleaded guilty, with the accurate information that the maximum term of supervised release to which he was exposed was three years, and the court confirmed that he understood this. See id. at 1413-14.

2. **Claim of Double Jeopardy**

In addition to Deras's Sixth Amendment claim of ineffective assistance, he also seeks to mount an attack on his guilty plea by claiming that it violates his Fifth Amendment right against double jeopardy. (Motion at 3-5.) The term of supervised release was for three years, which was one more year than Deras anticipated, according to his motion. Deras did not object on grounds of double jeopardy in the sentencing hearing, and as I discuss above in the context of his ineffective assistance claim, he told the court that he understood that the court could impose a term of up to three years of supervised release.

5

This claim is procedurally defaulted; Deras acknowledges this, and the government references the default as well. (Motion at 1; Response at 8.) The United States Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998). "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'" id. at 622 (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), "or that he is 'actually innocent,'" id. (quoting Murray, 477 U.S. at 496; Smith v. Murray, 477 U.S. 527, 537 (1986)). Deras offers no explanation for his default, and in fact he said in the sentencing hearing that he had no objection to the term of three years of supervised release. He also makes no claim that he is actually innocent.

Even if Deras's double jeopardy claim were not procedurally defaulted, it has no merit. Deras argues that the imposition of both a term of imprisonment and a term of supervised release constitutes double jeopardy. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Supervised release is permitted as part of a sentence, pursuant to 18 U.S.C. § 3583(a), which states: "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." The sentencing court did what section

6

3583 permits when it included, as part of the sentence, that Deras be placed on a term of supervised release. There is no double jeopardy here. Deras was not tried or punished twice for the same offense; rather, he received a single sentence comprised of imprisonment and supervised release, consistent with section 3583(a). See United States v. McInnis, 429 F.3d 1, 5 (1st Cir. 2005); United States v. Alamillo, 754 F. Supp. 827, 829 (D. Colo. 1990). McInnis addressed the question whether the punishment imposed after the defendant violated the conditions of supervised release violated the Double Jeopardy Clause. 429 F.3d at 5. The First Circuit held: "Although the punishment imposed in response to the release violations is in addition to prior punishment, it is treated as part of the penalty for the initial offense, thus obviating double jeopardy concerns." Id. It is implicit in the Court's holding that the initial imposition of supervised release as part of the sentence did not constitute double jeopardy. Id.

## CONCLUSION

For the reasons above I recommend that the Court summarily deny this 28 U.S.C. § 2255 motion and recommend that the Court deny a certificate of appealability in the event Deras files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. §2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 14, 2013                                    /s/Margaret J. Kravchuk
                                                 U.S. Magistrate Judge